IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MELANIE K. DEMAYO,
        Plaintiff,

-vs-                                                Case No. A-14-CA-381-SS

PNC BANK, NATIONAL ASSOCIATION d/b/a
PNC Mortgage,
        Defendant.

## ORDER

BE IT REMEMBERED on the 10th day of April 2015, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. The Court now enters the following orders confirming its oral pronouncements:

Stripped of irrelevant detail, this case boils down—as both parties agreed during hearing—to a dispute over (1) attorney's fees and (2) the application of a $9,800 insurance payment to a mortgage note held by Defendant PNC Bank and secured by a deed of trust on Plaintiff Melanie DeMayo's property. Plaintiff is party only to the deed of trust; her name appears nowhere on the note evidencing the debt, which was executed by Plaintiff's now-deceased husband. In short: Plaintiff's home was damaged; she paid a contractor to repair it; when the insurance company subsequently cut Plaintiff a check to cover the repairs, Plaintiff sent the check to Defendant with instructions to apply it to the outstanding mortgage debt. In response, Defendant requested Plaintiff sign a document swearing there were no outstanding materialman's or mechanic's liens encumbering the property. Plaintiff refused to sign the document, allegedly based upon her belief Defendant was

required under the deed of trust to send representatives out to inspect the repairs (which had already been conducted) and had not done so.

Plaintiff represented at hearing that this case turns on the existence of an implied covenant of good faith and fair dealing under Virginia law flowing from the deed of trust, which Plaintiff alleges Defendant breached. "However, the covenant of good faith and fair dealing does not offer an independent cause of action for breach of a contract involving an interest in real property." *Morrison v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 449, 455 (E.D. Va. 2014) (citing *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 466 S.E.2d 382, 385 (Va. 1996)). Additionally, "'when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights.'" *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 763 (E.D. Va. 2013) (quoting *Ward's Equip. v. New Holland N. Am.*, 493 S.E.2d 516 (1997)). Under the circumstances, Defendant had the right to request confirmation the property was not subject to a lien with priority over its security interest. Plaintiff breached her obligations under the deed of trust by failing to give Defendant prompt notice of the property damage and by failing to apply the insurance proceeds to repair of the property. *See* Am. Compl. [#19-1] at 4–36 (Deed of Trust) at 7. ("In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. . . . Unless Lender and Borrower otherwise agree in writing, any insurance proceeds . . . shall be applied to restoration or repair of the Property[.]"); Corrected Resp. [#25-1] Ex. A (DeMayo Aff.) at 5 (indicating the property was damaged in February 2010 and Plaintiff did not notify Defendant until the repairs were completed in October 2010).

Finally, to the extent Plaintiff's causes of action are predicated upon her alleged liability on the mortgage note, they are meritless, as it is clear Plaintiff has no legal liability on the note.

Plaintiff did not execute the note and has not formally assumed the obligations thereunder. During hearing, Plaintiff's counsel agreed with this proposition.

Based on the foregoing, it appears to the Court Plaintiff's legal contentions are not warranted by existing law. Therefore, the Court gives notice to Plaintiff that further prosecution of non-meritorious claims will render her in violation of Rule 11 of the Federal Rules of Civil Procedure. Consequently, if all non-meritorious claims are not dropped or this lawsuit is not dismissed in its entirety within 30 days from date of entry of this order, appropriate sanctions will be considered at the conclusion of this litigation.

SIGNED this the 20th day of April 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE